# EXHIBIT J



December 23, 2020

<u>VIA E-MAIL</u>

Chris Needham
Frank Oudheusden
FCX Solar LLC
3 Lamson Rd.
Mont Vernon, NH 03057

Re:   **FCX Solar Patent License Agreement**

Dear Chris and Frank:

We received your letter of November 30, 2020, sent from Brian R. Coleman of Perkins Coie LLP, asserting that FTC Solar, Inc. ("**we**" or "**FTC**") had not made timely payments under the Patent License Agreement, dated May 13, 2019 the (the "**Agreement**"), between FTC and FCX Solar, LLC ("**you**" or "**FCX**").  Given our history and collaborative working relationship, we were disappointed by your claim and the method that it was communicated via outside counsel.  We were also surprised by the timing of your assertion since, as you know, FTC is in the midst of designing and implementing ███████████████████████████████████████████████.

Nonetheless, we take our legal obligations seriously and therefore retained outside counsel to investigate your allegations.  Specifically, your November 30, 2020 letter alleges that FTC has "incorporated [dampers] into its project[s] that absent the license granted to it in the Agreement would infringe" U.S. Patent Nos. 10,630,231 (the "**'231 patent**") and 10,848,097 (the "**'097 patent**"), and that FTC "has failed to pay the milestone payments in Section 3.1(b) and 3.1(c)" of the Agreement, as well as royalties and late payments pursuant to Sections 3.2 and 3.5, respectively.  After investigation and thorough consideration, and as explained below, FTC has not incorporated dampers that would infringe any issued claim of the '231 patent or '097 patent into any of its Voyager Tracker systems, and, accordingly, does not owe FCX any milestone, royalty, or late payments.  Indeed, it seems that FTC's past royalty payments to FCX of more than $1.4 million may have been made in error because FTC's dampers have at all times been, and continue to be, noninfringing.

**Noninfringement**



info@ftcsolar.com
866-FTC-Solar
ftcsolar.com

© 2020 FTC Solar, Inc.     Proprietary & Confidential

1

December 23, 2020
Page 2 of 3



FTC has not incorporated any dampers into any of its Voyager Tracker projects that would infringe any claim of the '231 patent or '097 patent.

The dampers that FTC has deployed and implemented to date do not infringe the issued claims either of the '231 patent or '097 patent at least because they do not include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As you noted in your November 30, 2020 letter, the '231 patent is directed to "a photovoltaic system" that includes a damper, which damper "includes a chamber filled with fluid and a piston that moves through the chamber," and which "piston has two ports, one smaller and one larger." Letter at 3; see also, e.g., '231 patent at claim 1 ("a first port in the damper piston, the first port having a first diameter; a second port in the damper piston, the second port having a second diameter larger than the first diameter"), claim 2 (same). Similarly, your November 30, 2020 letter explained that the '097 patent is directed to a damper that "has a damper chamber and a damper piston," which "piston has two ports, one port is larger than the other port." Letter at 4; see also, e.g., '097 patent at claim 1 ("a first port having a first diameter; a second port having a second diameter, and the second diameter larger than the first diameter"), claim 7 (same), claim 13 (same).[1] Indeed, every claim of the '231 patent and '097 patent specifically requires a damper piston having first and second ports that are of different diameters. FTC's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and, therefore, cannot infringe the '231 patent or '097 patent.

Next, as you know and as noted above, FTC ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is required by every claim of the '231 patent and '097 patent.

**Milestone, Royalty, and Late Payments**

As a consequence, FTC does not owe FCX any milestone, royalty, or late payments.

The Agreement makes clear that both Milestone Payments, under Section 3.1, and Royalties, under Section 3.2, are only owed for FTC systems which meet the definition of a "Solar Tracker." See Agreement at Sections 3.1(b), 3.1(c), and 3.2. The Agreement specifies that a "Solar Tracker" must incorporate a "Product," which is a product that would infringe a patent claim but for the license granted in the Agreement. See Agreement at Sections 1.5, 1.8, 1.12, 1.13. As noted above, because FTC's dampers do not infringe any claims of the '231 or '097 patents, no milestone payments, royalty payments, or late payments are owed to FCX.

Moreover, as noted above, FTC has paid FCX more than $1.4 million in royalty payments and we are investigating whether these payments were made in error.

---

[1] FCX's November 30, 2020 letter contains numerous mischaracterizations of the '231 and '097 patents. For example the letter states that a damper infringes the '231 patent "regardless of whether the valve functions passively or actively" (Letter at 4), but every claim of the '231 patent explicitly requires that "the damper *passively transitions* from the first damping ratio to the second damping ratio." '231 patent at claim 1 (emphasis added); see also claim 2 (similar). FTC does not accede to various characterizations of the FCX patents or the FTC products in the letter, but does not attempt to correct each inaccuracy in this response.

December 23, 2020
Page 3 of 3



\* \* \* \* \*

The above is not an exhaustive statement of all the relevant facts and law of the matters described herein, and FTC expressly reserves all of its legal and equitable rights, powers, privileges, remedies and defenses.

Our continued business relationship with you and your good will is very important to us, and we hope that we can resolve the matters described herein in an amicable matter. Once you have had a chance to consider our letter, please let us know, as we look forward to good faith discussion.

Sincerely,

*Jacob Wolf*
Jacob Wolf
General Counsel
FTC Solar, Inc.

Cc: Brian R. Coleman; Perkins Coie LLP (via email: bcoleman@perkinscoie.com)