UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCX SOLAR, LLC,<br>    Plaintiff,<br><br>v.<br><br>FTC SOLAR, INC.,<br>    Defendant. | C.A. No. 1:21-cv-03556-RA |
| FCX SOLAR, LLC,<br>    Plaintiff,<br><br>v.<br><br>FTC SOLAR, INC.,<br>    Defendant. | C.A. No. 1:21-cv-08766-RA |

## JOINT DISPUTED CLAIM TERMS CHART

Pursuant to the Court's Scheduling Order dated November 29, 2021 (Dkt. No. 52) and Local Patent Rule 11, FCX Solar, LLC ("Plaintiff") and FTC Solar, Inc. ("Defendant"), by and through the undersigned counsel, hereby submit their Joint Disputed Claim Terms Chart, for the following claims at issue in U.S. Patent Nos. 10,903,782.

The parties' proposed constructions for each disputed claim term or phrase, as well as cross-references to the related paragraphs of the parties' infringement and invalidity contentions under Local Rules 6 and 7, are set forth in the attached Exhibit A.

February 4, 2022        By: /s/ Matthew Moffa
                             Matthew J. Moffa
                             Gene W. Lee
                             John Thomas Dixon
                             Jacob Joseph Taber
                             Perkins Coie LLP
                             1155 Avenue of the Americas, 22nd Floor

    New York, NY 10036-2711
    Email: mmoffa@perkinscoie.com
    glee@perkinscoie.com
    johndixon@perkinscoie.com
    jtaber@perkinscoie.com

    James F. Valentine
    Sarah Fowler
    Perkins Coie LLP
    3150 Porter Drive
    Palo Alto, CA 94304-1212
    jvalentine@perkinscoie.com
    sfowler@perkinscoie.com

    *Attorneys for Plaintiff, FCX Solar, LLC*


By: */s/ Marc Vander Tuig*
    Noelle M. Reed
    SKADDEN, ARPS, SLATE,
       MEAGHER & FLOM LLP
    1000 Louisiana Street, Suite 6800
    Houston, Texas 77002
    Tel.: (713) 655-5122
    Fax: (713) 483-9122
    noelle.reed@skadden.com

    Marc Vander Tuig
    (admitted *pro hac vice*)
    ARMSTRONG TEASDALE LLP
    7700 Forsyth Boulevard, Suite 1800
    St. Louis, Missouri 63105
    Tel.: (314) 621-5070
    mvandertuig@atllp.com

    Joseph J. Gribbin
    (admitted *pro hac vice*)
    ARMSTRONG TEASDALE LLP
    300 Delaware Avenue, Suite 210
    Wilmington, Delaware 19801
    Tel.: (302) 824-7089
    jgribbin@atllp.com

    *Counsel for Defendant FTC Solar, Inc.*

# EXHIBIT A

## Agreed Constructions

| Term | Asserted Claims | Agreed Construction | Cross-References to Contentions |
|------|-----------------|---------------------|--------------------------------|
| damping ratio | 1, 5, 7, 9, 10, 11, 12, 14, 16, 17, 19 | "A ratio determined by dividing the actual damping coefficient of a system by the critical damping coefficient of the system." | **Rule 6 Disclosure:**<br>Ex. A at 6-11, 25-27, 29-32, 40-43, 53-55, 57-60, 66-69, 76.<br><br>**Rule 7 Disclosure:**<br>Ex. A at 5-7, 12-13, 15-17, 22-23, 25-30, 35-36, 38.<br><br>Ex. B at 9-10, 24, 27, 35, 44, 47, 57, 65.<br><br>Ex. C at 4-5, 15-16, 18-19, 23-24, 29-34, 37-39, 42-43.<br><br>Ex. D at 5-7, 13-14, 15-18, 22, 26-30, 35-36, 39-40.<br><br>Ex. E at 9-11, 27-28, 30-32, 43, 52-53, 55-59, 67-68, 76-77.<br><br>Ex. F at 5-6, 18-22, 33-37.<br><br>Ex. G at 4-6, 13-16, 19-20, 25-28, 31-32, 36.<br><br>Ex. H-1 at 6-11, 26-34, 40-44, 52-60, 68-72, 78-79.<br><br>Ex. I at 8-11, 26-27, 30-32, 42, 51-52, 55-57, 64-66, 73.<br><br>Ex. J at 6-10, 18-22, 27-28, 34, 36-38, 43-46, 50-51.<br><br>Ex. K at 3-4, 8-9, 12-13, 16-17. |

**Disputed Constructions**

| Term | Asserted Claims | Plaintiff's Construction | Defendant's Construction | Cross-References to Contentions |
|---|---|---|---|---|
| the damper having a first damping ratio | 1, 11, 19 | This term is not indefinite and should be accorded its plain and ordinary meaning.<br><br>"Damper" has a plain and ordinary meaning and does not require construction.<br><br>See Plaintiff's discussion of "damping ratio" above.<br><br>Defendant has the burden of proving indefiniteness by clear and convincing evidence and to date has offered no explanation of its indefiniteness argument. Plaintiff will respond to any indefiniteness arguments presented by Defendant in its brief. | Indefinite | **Rule 6 Disclosure:**<br>Ex. A at 6-7, 40-43, 66-67.<br><br>**Rule 7 Disclosure:**<br>Sections II.C.2, V.B. |
| the damper having … a second damping ratio | 1, 19 | This term is not indefinite and should be accorded its plain and ordinary meaning and does not require construction. | Indefinite | **Rule 6 Disclosure:**<br>Ex. A at 6-7, 66-67<br><br>**Rule 7 Disclosure:**<br>Sections II.C.2, V.B. |

2

| Term | Asserted Claims | Plaintiff's Construction | Defendant's Construction | Cross-References to Contentions |
|---|---|---|---|---|
| | | "Damper" has a plain and ordinary meaning and does not require construction. See Plaintiff's discussion of "damping ratio" above. Defendant has the burden of proving indefiniteness by clear and convincing evidence and to date has offered no explanation of its indefiniteness argument. Plaintiff will respond to any indefiniteness arguments presented by Defendant in its brief. | | |
| a valve, configured to passively open or close the second port | 1, 11, 19 | This term should not be construed under 35 U.S.C. § 112(f) because "valve" connotes sufficient structure to one of ordinary skill in the art. "Valve" has a plain and ordinary meaning and does not require construction. This term should be accorded its plain and ordinary | This element should be construed as a means-plus-function claim term under 35 U.S.C. § 112(f). Function: selectively close the second port due to the piston moving at a higher speed, without instructions from a controller Corresponding structure: valve 220, as depicted in | **Rule 6 Disclosure:** Ex. A at 17-18, 49-50, 75-76 **Rule 7 Disclosure:** Ex. A at 8, 23-24, 37-38. Ex. C at 8-9, 26-27, 41-42. Ex. E at 17-19, 49-51, 74-76. Ex. G at 8-9, 22-23, 35-36. Ex. H-1 at 17-18, 49-50, 77-78. |

3

| Term | Asserted Claims | Plaintiff's Construction | Defendant's Construction | Cross-References to Contentions |
|---|---|---|---|---|
| | | meaning, which is "a valve that opens or closes the second port in response to a change in pressure or flow of fluid." | Figures 2B and 2C and described at 3:66–4:19.<br><br>Alternatively:<br><br>a valve that selectively closes the second port due to the piston moving at a higher speed, without instructions from a controller | Ex. K at 7, 11, 16. |
| wherein the damper passively transitions from the first damping ratio to the second damping ratio | 1, 19 | This term is not indefinite and should be accorded its plain and ordinary meaning, which is "wherein the damper transitions from the first damping ratio to the second damping ratio in response to a change in speed between the two coupling points."<br><br>Defendant has the burden of proving indefiniteness by clear and convincing evidence and to date has offered no explanation of its indefiniteness argument. Plaintiff will respond to any indefiniteness arguments presented by Defendant in its brief. | Indefinite | **Rule 6 Disclosure:**<br>Ex. A at 7-10, 67-69.<br><br>**Rule 7 Disclosure:**<br>Sections II.C.2, V.B. |

4

| Term | Asserted Claims | Plaintiff's Construction | Defendant's Construction | Cross-References to Contentions |
|---|---|---|---|---|
| the damper … passively transitioning to a second damping ratio | 11 | This term is not indefinite and should be accorded its plain and ordinary meaning, which is "wherein the damper transitions to a second damping ratio in response to a change in speed between the two coupling points.<br><br>Defendant has the burden of proving indefiniteness by clear and convincing evidence and to date has offered no explanation of its indefiniteness argument. Plaintiff will respond to Defendant's indefiniteness arguments when they are presented in briefing. | Indefinite | **Rule 6 Disclosure:**<br>Ex. A at 40-43.<br><br>**Rule 7 Disclosure:**<br>Sections II.C.2, V.B. |
| to move a designated angular distance relative to the base in a specified amount of time under specified wind loading | 10, 17 | This term is not indefinite and should be accorded its plain and ordinary meaning.<br><br>Defendant has the burden of proving indefiniteness by clear and convincing evidence and to date has offered no explanation of its indefiniteness argument. Plaintiff will respond to any | Indefinite | **Rule 6 Disclosure:**<br>Ex. A at 31-32, 59-60.<br><br>**Rule 7 Disclosure:**<br>Sections II.C.2, V.B. |

5

| Term | Asserted Claims | Plaintiff's Construction | Defendant's Construction | Cross-References to Contentions |
|---|---|---|---|---|
| | | indefiniteness arguments presented by Defendant in its brief. | | |
| at least one of the photovoltaic modules, the base, or the actuator is designed to withstand an average value of moments applied to the photovoltaic system across a specified period of time | 18 | This term is not indefinite and should be accorded its plain and ordinary meaning.<br><br>Defendant has the burden of proving indefiniteness by clear and convincing evidence and to date has offered no explanation of its indefiniteness argument. Plaintiff will respond to any indefiniteness arguments presented by Defendant in its brief. | Indefinite | **Rule 6 Disclosure:** Ex. A at 61.<br><br>**Rule 7 Disclosure:** Sections II.C.2, V.B. |