UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
FCX SOLAR, LLC,                                                     :
                                                                    :
      Plaintiff,                      :
                                                                    :
  v.                                                      :  Case No. 1:21-CV-03556-RA
                                                                    :
FTC SOLAR, INC.,                                                    :
                                                                    :
      Defendant.                      :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
FCX SOLAR, LLC,                                                     :
                                                                    :
      Plaintiff,                      :
                                                                    :
  v.                                                      :  Case No. 1:21-CV-08766-RA
                                                                    :
FTC SOLAR, INC.,                                                    :
                                                                    :
      Defendant.                      :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATED PROTECTIVE ORDER**

  WHEREAS, Plaintiff FCX Solar, LLC and Defendant FTC Solar, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of proprietary information, sensitive business information, or trade secrets of the Parties or information obtained from a Third Party to whom a Party owes an obligation of confidentiality with respect to such documents, information, or material;

  WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. This Order is binding upon the Parties, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Order. The terms hereof shall be binding upon execution by the Parties, regardless of when this Order is entered by the Court. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, proprietary information, sensitive business information, or trade secrets of the Party or information obtained from a Third Party to whom a Party owes an obligation of confidentiality with respect to such documents, information, or material ("Protected Material"). Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL." The word "CONFIDENTIAL" or the phrase "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "PROSECUTION BAR MATERIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. Data produced in electronic form may be designated as CONFIDENTIAL, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, or PROSECUTION BAR MATERIAL by marking the data storage medium. The producing Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that

2

any print-out of the file contains the appropriate legend. For deposition and hearing transcripts, the word "CONFIDENTIAL" or the phrase "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "PROSECUTION BAR MATERIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL." The protections conferred by this Order do not cover (i) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order, or (ii) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the producing Party.

2. Any document produced before issuance of this Order with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order, any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, and any such documents produced with the designation "Prosecution Bar Material" shall receive the same treatment as if designated "PROSECUTION BAR MATERIAL" under this Order unless and until such document is re-designated to have a different classification under this Order.

3

3. With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, information revealed in an interrogatory answer, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL" may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL," individually and collectively.

4

that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon and endeavor promptly to procure the inadvertently or unintentionally produced Protected Materials from any persons known to have possession of them. Any disclosure of material made before receiving the notice of inadvertent or unintentional production shall not be a violation of this Order, so long as the disclosure was consistent with the terms of this Order at the time the disclosure was made.

5. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains proprietary information, sensitive business information, or trade secrets of the Party or information obtained from a Third Party to whom a Party owes an obligation of confidentiality with respect to such documents, information, or material.

6. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 14 herein:

   (a) Outside counsel (i) who have been retained to represent or advise a party to this Action and who have appeared or will appear in this Action or (ii) who are affiliated with a law firm which has appeared on behalf of a Party to this Action.

   (b) Employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

   (c) In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

   (d) Any person as to whom it is apparent from the face of the document that such person was either an author or recipient of the Protected Materials, or a person whom it has been reasonably established is an author or recipient of such information prior to the disclosure in this Action.

5

(e)     Employees of each of the Parties to the extent reasonably necessary for the litigation of this Action.

(f)     Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services to and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(g)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(h)     The Court and its personnel and court reporters recording or transcribing testimony in this Action.

7. Prior to the disclosure of any Designated Material to any person identified in paragraphs 6(f) and 6(g), such person shall be provided with a copy of this Order, and shall sign a Certification in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms. A file of all written acknowledgments by persons who have read this Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court *in camera.*

8. To the extent that any CONFIDENTIAL materials are so sensitive that their disclosure to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, the producing Party may designate such Protected Material "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY."

9. For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a–b), (d), and (f-h).

10. For any document produced after issuance of this Order, the parties shall have the right to further designate "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" information as "PROSECUTION BAR MATERIAL." PROSECUTION BAR MATERIAL shall mean material that is extremely sensitive information relating to, inter alia, the structure, operation, function, design, or development of any uncommercialized product, technical information relating to research for and production of current products, and technical research information regarding future products, or technical trade secret information, for which disclosure of such information or items would create a substantial risk of serious harm that could not be avoided by less restrictive means. Absent written consent from the producing party, any individual who accesses PROSECUTION BAR MATERIAL shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this lawsuit, which includes the patents asserted in this action, any patent or patent application claiming priority to or otherwise related to the patents asserted in this action, and any other patents or patent applications relating to solar photovoltaic array trackers, before any foreign or domestic agency, including the United States Patent and Trademark Office (USPTO). For purposes of this paragraph,

7

"prosecution" includes: the decision regarding whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reissue, substitute, renewal or convention patent applications, claim drafting, drafting of claim amendments, participation in any decision as to whether a claim amendment will be made, and the drafting of any such documents to be filed with the USPTO or any foreign patent office.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent or opposing such challenge before a domestic or foreign agency (including without limitation, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, post-grant review, or covered business method review, regardless of whether amendments to the challenged patent claims are sought in the underlying proceeding).  This Prosecution Bar shall begin when access to PROSECUTION BAR MATERIAL information is first received by the affected individual and shall end two years after final termination of this action.

11. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose, including any business, competitive, or governmental purpose or function or in connection with any other action or proceeding.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts,

summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

12. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The inadvertent production of documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim of privilege, doctrine, or immunity. The fact that a party has produced a document or other material that is subject to a claim of inadvertent production shall not be used against the producing Party in any dispute about the appropriateness of any claim of privilege or of any other protection. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. Within five (5) business days of receipt of notice of any inadvertent production, the recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel and defending counsel shall meet and confer in good faith

at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Order.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is disclosed only to a person(s) who: (i) is eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) is identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) is a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; or (v) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. Counsel may request that individuals attending a deposition (other than the deponent) be excluded from the deposition to the extent they are not entitled to view or receive DESIGNATED MATERIAL and for the portion of the deposition during which such information is reasonably likely to be revealed or disclosed.

15. Parties may, within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL," pursuant to this Order. Access to a deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal pursuant to Rule 5.A of Judge Abrams's Individual Rules of Practice in Civil Cases concerning Redactions and Filing Under Seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the redacted pleading or exhibit filed publicly with the Court and the unredacted version filed under seal.

17. A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "PROSECUTION BAR MATERIAL." After the inspecting Party has identified the documents or materials it

11

wants copied and produced, the producing Party must determine which documents or materials, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents or materials, the producing Party must affix the appropriate legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL" to each page or item that contains Protected Material. If only a portion or portions of the material qualifies for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, sensitive business information, or other proprietary information, then such Third Parties may agree to be bound by this Order by signing and delivering to each Party a written statement of joinder and may designate as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL" any documents, information, or other material, in whole or in part, produced by such Third Parties and shall be subject to the same rights and obligations as producing Parties under this Order.

20. A Party may request in writing to the other Party or to Third Parties that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party or Third Parties do not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party or Third Parties to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party or Third Parties shall be maintained. Upon receipt of any written re-designation, counsel of record shall: (i) not make any further disclosure or communication of such re-designated Material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any re-designated Material of the treatment of such material required under this Order in accordance with the re-designation; and (iii) endeavor promptly to procure any such re-designated Material from any persons known to have possession of it and who are not entitled to receipt of the re-designated Material under the applicable paragraph governing disclosure.

21. Any Party that is served with a subpoena or other notice or process compelling the production of any DESIGNATED MATERIAL produced by another Party must promptly give written notice of such subpoena or other notice or process to the original producing Party and include with the notice a copy of the subpoena. The Party that is served with a subpoena or other such notice must also promptly notify in writing the party who caused

13

the subpoena or notice to issue in the other litigation that some or all of the material covered by the subpoena or notice is subject to this Order. The notification shall include a copy of this Order. The receiving party must cooperate with respect to all reasonable procedures pursued by the designating Party whose DESIGNATED MATERIAL might be impacted. The original producing Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information, or material in accordance with this Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety of a designation. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and having raised the question of violation or potential violation with the opposing Party and been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of such

motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

26. If Designated Material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the producing Party in writing of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information. The party responsible for the disclosure shall use its best efforts to retrieve all unauthorized copies of the DESIGNATED MATERIAL.

27. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any Party's attorneys from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon DESIGNATED MATERIAL, provided that in rendering such advice, the attorneys shall not disclose any other party's DESIGNATED MATERIAL other than in a manner provided for in this Order.

28. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege. Similarly, by stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground

not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

29. Nothing contained in this Order shall preclude any Party from using its own DESIGNATED MATERIAL in any manner it sees fit, without consent of any Party or the Court.

30. Each of the Parties shall retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

31. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Each person subject to this Order shall be subject to the jurisdiction of the Court for all matters in connection therewith, regardless of which particular action implicates or involves such person.

Dated:  March 8, 2022

> */s/ Noelle M. Reed*
> Noelle M. Reed
> Daniel S. Mayerfeld
> William S. O'Hare
> SKADDEN, ARPS, SLATE,
> MEAGHER & FLOM LLP
> 1000 Louisiana Street, Suite 6800
> Houston, Texas 77002
> Telephone: (713) 655-5122
> Fax: (713) 483-9122
> Email: noelle.reed@skadden.com

*/s/ Gene W. Lee*
Gene W. Lee
Matthew J. Moffa
John T. Dixon
Jacob Taber
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 261-6857
Fax: (212) 399-8057
e-mail: MMoffa@PerkinsCoie.com

James F. Valentine (*pro hac vice*)
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Fax: (650) 838-4350
e-mail: JValentine@PerkinsCoie.com

*Counsel for Plaintiff FCX Solar, LLC*

Marc Vander Tuig
  (*pro hac vice*)
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Fax: (314) 621-5065
Email: mvandertuig@atllp.com

Joseph J. Gribbin
  (pro hac vice)
ARMSTRONG TEASDALE LLP
300 Delaware Avenue, Suite 210
Wilmington, Delaware 19801
Telephone: (302) 824-7089
Fax: (610) 209-6905
Email: jgribbin@atllp.com

*Counsel for Defendant FTC Solar, Inc.*

SO ORDERED this 16th day of March, 2022

_____
Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
FCX SOLAR, LLC,                                 :
                                                             :
                Plaintiff,                 :
                                                             :
           v.                            :         Case No. 1:21-CV-03556-RA
                                                            :
FTC SOLAR, INC.,                              :
                                                            :
                Defendant.              :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
FCX SOLAR, LLC,                                 :
                                                           :
                Plaintiff,                 :
                                                           :
           v.                           :         Case No. 1:21-CV-08766-RA
                                                           :
FTC SOLAR, INC.,                              :
                                                           :
                Defendant.              :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.     My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.     I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for

1

purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "PROSECUTION BAR MATERIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____