UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FCX SOLAR, LLC,

        Plaintiff,  **ORDER**

  -against-  1:21-cv-03556 (RA) (VF)
                                                         1:21-cv-08766 (RA) (VF)

FTC SOLAR, INC.,

        Defendant.
---------------------------------------------------------X

VALERIE FIGUEREDO, United States Magistrate Judge

In these patent-infringement and breach-of-contract actions, Plaintiff FCX Solar, LLC ("FCX") has issued 13 subpoenas to third-party customers of Defendant FTC Solar, Inc. ("FTC"), seeking discovery concerning each customer's purchase and operation of FTC's solar trackers.[1] See Dkt. 21 Civ. 3556, ECF Nos. 124, 129, 132; Dkt. No. 21 Civ. 8766, ECF Nos. 82, 85, 88.[2] Defendant now moves for a protective order, asking the Court to prohibit the disclosures sought by the subpoenas and ordering FCX to withdraw them. See ECF No. 124 at 1. For the reasons discussed below, FTC's request for a protective order is DENIED.

Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). Rule 45

---

[1] In its letter motion, FTC argued that FCX had issued ten subpoenas to third-party customers. See ECF No. 124 at 1 (21 Civ. 3556). At oral argument on the motion, however, the parties informed the Court that FCX had issued a total of 13 subpoenas. See ECF No. 147 ("Tr.") at 41, 92-93.

[2] Unless otherwise noted, any citations to the docket are to the docket for 21 Civ. 3556.

of the Federal Rules of Civil Procedure governs discovery from non-parties. Under Rule 45, a party may issue a subpoena to a non-party for documents and information. City of Almaty, Kazakhstan v. Ablyazov, No. 15-CV-05345 (AJN) (KHP), 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020). Rule 45 provides that a court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). The party seeking to quash or modify a subpoena "bears the burden of persuasion." Volt Elec. NYC Corp v. A.M.E., Inc., No. 20-CV-4185 (PAE), 2021 WL 185306, at *2 (S.D.N.Y. Jan. 19, 2021). Similarly, the burden of persuasion is on the party seeking a protective order. See Pegaso Dev. Inc. v. Moriah Educ. Mgmt. LP, No. 19-CV-7787 (AT) (KNF), 2020 WL 6323639, at *4 (S.D.N.Y. Oct. 28, 2020). Motions to quash are "entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003). So, too, is the "determination to grant or deny a motion for a protective order." Pegaso Dev. Inc., 2020 WL 6323639, at *4.

Generally, only the recipient of a subpoena has standing to seek a protective order quashing or modifying the subpoena on grounds of relevancy or undue burden. See, e.g., G & G Closed Cir. Events, LLC v. Perez, No. 21-CV-6210 (KPF), 2022 WL 1185748, at *1 (S.D.N.Y. Apr. 21, 2022); City of Almaty, 2020 WL 1130670, at *1; Frazier v. Morgan Stanley & Co., LLC, No. 16-CV-804 (RJS), 2021 WL 2709250, at *5 (S.D.N.Y. July 1, 2021); Universitas Educ., LLC v. Nova Group, Inc., No. 11-CV-1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013). "A non-recipient has standing to challenge a subpoena 'only if it has a privilege, privacy or proprietary interest in the documents sought.'" G & G Closed Cir. Events, 2022 WL 1185748, at *1 (quoting Universitas Educ., LLC, 2013 WL 57892, at *5).

As it was permitted to do under Rule 45, FCX served subpoenas on non-parties, asking for the production of certain documents. Frazier, 2021 WL 2709250, at *5 ("Parties may serve subpoenas on non-parties that require them to produce documents in discovery."). FTC argues that the subpoenas request information that is duplicative of the information FCX is obtaining from FTC through discovery in these lawsuits, and thus are merely an "end run around the discovery process" in these actions. See ECF No. 124 at 2-3; ECF No. 132 at 2. FTC also argues that the subpoenas are burdensome, seek to harass FTC's customers, and improperly interfere with FTC's customer relationships. See ECF No. 124 at 3; ECF No. 132 at 1. FTC, however, lacks standing to challenge the third-party subpoenas on the grounds of relevance or undue burden. See, e.g., In re Subpoenas Served on Lloyds Banking Grp. PLC, No. 21-MC-00376 (JGK) (SN), 2021 WL 3037388, at *3 (S.D.N.Y. July 19, 2021). The case law is clear: absent a claim of privilege, privacy, or proprietary interest in the documents sought, a party does not have standing to object to a subpoena directed at a non-party. Id. at *2; Frazier, 2021 WL 2709250, at *5. Moreover, "[t]hat requirement—that the moving party have an interest in the subject matter of the disclosure—applies with essentially the same force to a motion for a protective order under Rule 26(c)." Accusoft Corp. v. Quest Diagnostics, Inc., No. 12-40007-FDS, 2012 WL 1358662, at *10 (D. Mass. Apr. 18, 2012). Of course, a third party who received a subpoena from FCX is free to move to quash the subpoena on the grounds that compliance with the subpoena poses an undue burden on that party. And, as the Court was informed by FTC at oral argument, at least one party has already moved to quash the subpoena it received from FCX. See Tr. at 91, 93. The Court was also informed that two parties have produced documents in response to the subpoenas issued by FCX. Tr. at 81-82.

FTC also claims that it has standing to challenge the third-party subpoenas to the extent they are unduly burdensome to FTC, because they would require FTC to attend "irrelevant third-party" depositions and "site visits for no particular benefit to the case." See Tr. at 78-80. But FTC cites to no case to support an argument that it could have standing to raise an undue-burden challenge to a subpoena which was served on another entity entirely and for which that entity (and not FTC) would be responsible for personally preparing and producing the actual subpoena responses.[3] Cf. Sec. & Exch. Comm'n v. Laura, No. 18-CV-5075 (NGG) (VMS), 2020 WL 5152873, at *5 (E.D.N.Y. Aug. 31, 2020) (noting that party seeking to quash subpoena served on third parties had "not shown any burden in terms of having to personally prepare and produce the actual subpoena responses; that falls to the subpoenaed banks themselves"). In any case, FTC's argument that the subpoenas seek irrelevant documents and site visits is meritless. As FCX explained at the argument, the documents it has received thus far from two third parties in response to the subpoenas demonstrate that the discovery is not duplicative of discovery obtained from FTC, and also includes documents that FTC may not have in its possession, such as tests performed by the customer on the solar tracker after it has been installed by the customer on its site. Tr. at 82-85.

FTC also argues that the third-party subpoenas seek its "proprietary and confidential" information, such as its "detailed design files for its Voyager solar tracker." See ECF No. 132 at 1. FTC may have standing to challenge the subpoenas to the extent that any of the requests for documents seek FTC's proprietary information relating to the design of its solar trackers. See

---

[3] At the hearing, FTC claimed that Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC, No. 20-MC-23, 2020 WL 4700910 (S.D.N.Y. Aug. 13, 2020), supported its argument. See Tr. at 79. But that case is readily distinguishable. In Angelo, the party seeking to quash the subpoena as unduly burdensome was the party upon whom the subpoena was served. 2020 WL 4700910, at *1.

United States v. Nachamie, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000) (explaining that a party has standing to challenge a third-party subpoena when it can state a "privilege or a proprietary interest in the subpoenaed matter"). In that regard, FTC identifies only four document requests in the subpoenas that it claims seek "proprietary and sensitive confidential commercial information" about FTC's solar trackers. See ECF No. 124 at 2 (citing RFP Nos. 5, 8-9, 36); see also Tr. at 81, 89.[4] But even as to those requests, FTC has not adequately explained precisely what proprietary information the third parties possess that could be responsive to those requests. A naked assertion by FTC that the subpoenas "seek proprietary and sensitive confidential commercial information" see ECF no. 124 at 2, is insufficient to carry its burden. See Universitas Educ., 2013 WL 57892, at *5 (explaining that "a conclusory assertion that the subpoenas seek documents that are 'private, confidential, and commercially sensitive'" is insufficient to confer standing on party seeking to quash third-party subpoena).

FTC has argued generally that the requests seek "testing" information for the solar trackers that was "subject to [FTC's] confidentiality agreement." See Tr. at 89-90. But even if testing information were "confidential" pursuant to FTC's own agreement with a third-party customer, such testing information may not necessarily constitute FTC's proprietary information. Lastly, FTC has not explained why any documents that might be responsive to those four document requests in the subpoenas and may contain proprietary information could not be produced to FCX under the existing stipulated protective order in this case. That protective order expressly provides for confidentiality designations for documents produced by third parties. See

---

[4] FTC also cites to three requests for production (RFP Nos. 6, 9-10) in subpoenas attached as exhibits 1B and H to its letter motion. See ECF No. 124 at 2. Those three requests, however, seek the same information as the other three requests (RFP Nos. 5, 8-9) that FTC cites in its letter.

ECF No. 77 (Stipulated Protective Order at ¶¶ 19-20). And, indeed, at oral argument counsel for FTC indicated that its concerns over the disclosure of proprietary information could be addressed by a requirement that a third party producing documents in response to the four requests that may possibly require the disclosure of proprietary information initially designate the documents produced highly confidential, thus allowing FTC an opportunity to review the documents and determine whether they contain proprietary information that should remain designated highly confidential. See Tr. 92, 94.

In sum, FTC's request for a protective order with regards to the third-party subpoenas served by FCX is denied. The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 124 in 21 Civ. 3556 and ECF No. 82 in 21 Civ. 8766.

DATED:   New York, New York
         July 12, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge